FILED 18 JUL '11 14:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ORLANDO CORTES,

            Petitioner,         Civil No. 09-06-TC

            v.                  FINDINGS AND
                              RECOMMENDATION

DON MILLS,

            Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated August 3, 2004, from the Marion County Circuit Court after convictions for two counts of Unlawful Sexual Penetration in the First Degree, four counts of Sexual Abuse in the First Degree and two counts of Sexual Abuse in the Second Degree. Exhibit 101. After the court found guilty, it imposed various concurrent and consecutive sentences totaling 240 months. Id.

1 - FINDINGS AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review.  Exhibits 106 - 112.

Petitioner filed a Formal Petition for Post-Conviction Relief, Exhibit 113, but the Umatilla County Circuit Court denied relief, Exhibit 122.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Exhibits 123 - 127.

Petitioner, pro se filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging nine claims for relief. However, the only claims argued in petitioner's Brief in Support (#33) is that he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment. Specifically, petitioner's counsel argues the claims raised as Grounds 2, 3 and 5 in petitioner's pro se petition.

In Ground Two, petitioner alleges that his counsel was ineffective for failing to "inform petition of the pros and cons of a bench trial vs. a jury trial."  Petition (#2) p. 6. In Ground Three, petitioner claims that counsel failed to adequately investigate the underlying facts of the case. Id. P. 7.  Petitioner alleges as Ground 5 that counsel failed to present an expert witness "who could have testified that the alleged victims had no physical evidence that there had been any actual penetration." Id., p. 8.   These are the claims that will be addressed herein.

Petitioner's claims alleged in Grounds 1, 4 and 6 - 9 are

2 - FINDINGS AND RECOMMENDATION

properly deemed waived and/or abandoned.  See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v.

Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked

to [petitioner's] actual and substantial disadvantage."
<u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).
Demonstrating a mere possibility of prejudice is insufficient.
<u>Id</u>.

Procedural defaults may also be excused by demonstrating
a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>,
529 U.S. 446, 451 (2000). To establish the fundamental
miscarriage of justice exception to the exhaustion requirement
requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513
U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S.538, 559
(1998).

Allegations of ineffective assistance of trial or
appellate counsel are properly raised in post-conviction.
<u>State v. Lloyd</u>, 109 Or. App. 213, 214 (1991), *rev. denied* 315
Or. 268 (1992).

Respondent's Response to Petition (#11) argues that
petitioner has procedurally defaulted his ineffective
assistance of counsel claims. Respondent argues:

> In Grounds Two through Seven, petitioner alleges
> that trial counsel performed ineffectively in
> various respects. These ineffective-counsel claims
> were not listed or referenced in petitioner's PRC
> brief to the Oregon Court of Appeals. (Ex. 123).
> Some portions of Grounds two through Seven are
> contained in the Petition for Oregon Supreme Court
> Review (Ex. 125), but petitioner did not present
> those claims to "each appropriate state court," as
> required to exhaust them. *See, Bladwin v. Reese*,
> 541 U.S. 27, 27 (2004). Thus, these ineffective-
> counsel claims were not exhausted. *See, Carrier v.*
> *Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (*en*
> *banc*) (noting that ineffective-counsel claims are
> discrete and that each must be properly exhausted
> or it will be defaulted). Accordingly, petitioner

>is barred from raising these claims for the first
>time in federal court. *Baldwin*, 541 U.S. 32 ("fair
>presentation" requires that a habeas petitioner
>makes the state court specifically aware of the
>federal nature of the claim).

Response to Petition (#11) p. 7.

Petitioner alleged in his Formal Petition for Post-Conviction Relief that his trial counsel was ineffective for failing to "properly investigate," failure to call an expert witness and failure to "adequately advise Petitioner of his right to a jury trial." Exhibit 113, p. 3.

After the PCR court denied relief, petitioner's counsel filed a Balfour Brief stating that he had "not identified any arguably meritorious issues on appeal. Exhibit 123, Balfour Brief, Part A, p. 3.

Petitioner's portion, "Part B" of the brief primarily alleged that his post-conviction counsel was deficient. Petitioner did not allege or argue any of the specific ineffective assistance of trial counsel claims alleged in this proceeding.

In his Petition for Review by the Oregon Supreme Court, petitioner alleged, *inter alia*, that his trial counsel was ineffective for failure to investigate the underlying facts of the case and failed to inform petitioner as to "the pros and cons of a bench trial vs. a jury trial." Exhibit 125, p. 3.

Thus, although petitioner's Grounds two and Three were raised in the Petition for Review, they were not raised in a procedural context in which the court would consider them,

because they had not be raised in petitioner's PCR appeal.

Petitioner argues that the claims were before the Court of Appeals because his counsel alleged in the PCR appeal Brief that "[f]or purposes of exhausting state remedies, petitioner is not conceding or forever waiving any of the allegations made in the formal petition for post-conviction relief." Exhibit 123, p. 4. However, counsel's disclaimer of waiver is insufficient to preserve or raise the claims.

Under *Balfour*, appellate counsel need not withdraw from a case if he or she determines that no meritorious issues exist on appeal. To avoid violating the ethical requirement that an attorney may not advance frivolous claims, the Oregon Supreme Court set out a series of standards with which appellate counsel must comply when confronted with this situation. <u>State v. Balfour</u>, 311 Or. 434 (1997).

Accordingly, a *Balfour* Brief contains two sections. Counsel files a "Section A which contains the facts and the basis for jurisdiction. Importantly, "Section A ... shall contain no assignments of error or argument." <u>Id</u>., p. 450. If the appellant seeks to raise issues with the appellate court, the appellant files a "Section B" containing the arguments that counsel considers frivolous but the appellant wishes to advance. <u>Id</u>. Then the court considers these issues in the "same manner it considers and decides issues that are raised in any other direct criminal appeal. <u>Id</u>., p. 451-452. However,, "[t]he Court of Appeals is not required to search

the record for error, whether an appeal is filed by a person who has appointed counsel or retained counsel, because a defendant represented by retained counsel would not necessarily receive such a review on appeal." Id. At 453. In this way, appellate counsel may avoid advancing frivolous claims, and violating ethical rules, and an appellant is able to have his claims heard. Id.

Petitioner cites Farmer v. Bladwin for the proposition that the filing of a *Balfour* brief with an attached PCR petition is sufficient to raise all issues in the PCR petition to the court of Appeals. Brief in Support (#33) p. 11, *citing* Farmer v. Baldwin, 346 Or. 67 (2009). However, *Farmer* does not support petitioner's interpretation.

In *Farmer*, the petitioner did not identify the claims for review within a Section B brief. Instead, he attached his PCR petition to serve as his Section B brief, and cross referenced the Section B/PCR Petition in his petition for review. *Farmer*, 346 Or. At 80. The Oregon Supreme Court evaluated petitioner's effort in light of the rule governing the Section B submission of a *Balfour* brief: "The client shall attempt to state the claim and any argument in support of the claim as nearly as practicable in proper appellate form>" Or. R. App. 5.90(1)(b)(I). The court concluded that the language "attempt" and "as nearly as practicable," impose a "relaxed" standard requiring only that "a litigant attempt to present his or her claims in proper appellate form." Id. At 78.

The court evaluated the petitioner's efforts and concluded:

> In the instant case, we assume that, by filing his post-conviction petition as section B of his *Balfour* brief, petitioner intended to argue that his conviction was flawed on the grounds asserted therein and that the PCR court had erred in denying *all* his claims for relief. We take that as the claim that petitioner intended to present to this court.

Id. at 80.

The critical factor under *Farmer* is that the litigant *intended* or *attempted* to identify to the court the issue(s) for appellate review. Id. at p. 79.

In this case, petitioner did not did not identify the PCR issues as the ones he wanted the Court of Appeals to consider. He submitted a Section B Brief alleging different issues than the ones he alleged and argued in the PCR trial proceeding. The fact that petitioner's attorney (not petitioner) attached the PCR petition to the Section A portion of the *Balfour* brief does not raise the issues to the Court of Appeals. As noted above, petitioner's attorney is ethically prohibited from "personally" advancing any issues. *Balfour*, 311 Or. At 450. Therefore the attorney's attachment of the PCR petition was not a proper attempt to identify issues for appellate review. As this court has previously recognized, the holding in "*Farmer* was specifically limited to the situation where appellate counsel filed a *Balfour* brief and, as the prisoner's 'Section B' portion of the brief, the prisoner attached a copy of the PCR petition." Cabine v. Belleque, 2010 WL 1141354, *12

9 - FINDINGS AND RECOMMENDATION

(D. Or. Mar. 19, 2010.)(citing *Farmer*, 346 Or. At 70.); *see also*, <u>Jackson v. Belleque</u>, 2010 WL 348357 *4 (D.Or. Jan 21, 2010) (rejecting argument that attaching PCR petition as part of Excerpt of Record to a *Balfour* brief constituted fair presentation of claims alleged therein).

Petitioner also argues that he submitted his claims to the Court of Appeals in the form of a "statement" that set forth his claims. Brief in Support (#33) p. 11. However, the referenced pages are not a statement to the Court of Appeals, but rather exhibits to a motion filed in the trial court. *See*, Exhibit 123, p. 32.    In addition, the "statement" was submitted an "excerpt" - and was not part of or referenced in petitioner's "Section B."

As noted by the court in *Balfour*, the Court of Appeals is "not required to search the record for error." *Balfour* 311 Or. At 453.   I find that the submission of the trial court motion containing petitioner's claims as an Excerpt of Record was insufficient to properly raise the issues on PCR appeal. *See*, <u>Jackson v. Belleque</u>, <u>supra</u>.

Based on the foregoing, I find that petitioner procedurally defaulted and did not exhaust state remedies with respect to the claims he seeks to raise in this proceeding.

Petitioner argues that"[s]hould this court conclude that Mr. Cortes' claims are procedurally defaulted, it may still grant relief on the merits because Mr. Cortes can establish actual innocence under *Schlup* to excuse any procedural

default." Brief in Support (#33), p. 14.

To demonstrate a fundamental miscarriage of justice sufficient to circumvent a procedural bar, habeas petitioners must show that the constitutional error complained of probably resulted in the conviction of one who is "actually innocent." Schlup v. Delo, 513 U.S. 298 (1995).

"Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 64, 623 (1998). A petitioner must submit "new" and "reliable" evidence that was not presented at trial "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence ... Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324; House v. Bell, 547 U.S. 518, 537 (2006). The standard is whether a petitioner has shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. 329; Smith v. Baldwin, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc).

Petitioner's claim of actual innocence is based on the fact that he passed a polygraph test. Brief in Support (#33), p. 15-16. The test was administered before petitioner trial, but the results were not introduced at his trial. Id.

I find that the polygraph evidence is not the type of "reliable," "exculpatory" evidence envisioned by the Schlup

11 - FINDINGS AND RECOMMENDATION

court.    See, e.g., <u>United States v. Cordoba</u>, 104 F.3d 225, 227-28 (9th Cir. 1997) (noting the "inherent problematic nature" of polygraphs).    Assuming a polygraph has some probative value, it cannot, standing on its own, prove that petitioner is actually innocent. See, <u>Hatch v. Lambert</u>, 2006 WL 3825230, *1 (9th Cir. Nov. 15, 2006) ("When the general unreliability of polygraph evidence is viewed in combination with the other evidence at trial, including [petitioner's] experience in taking polygraph tests and the witness testimony, we cannot conclude that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" (quoting Schlup, 513 U.S. at 329); <u>Knickerbocker v. Wolfenbarger</u>, 2007 WL 29190 (6th Cir. Jan 5, 2007)(petitioner's "polygraph evidence is not persuasive evidence of actual innocence.    Polygraph results themselves are generally inadmissible as unreliable.")

In light of all the evidence presented at petitioner's trial, including the testimony of two victims, petitioner cannot demonstrate that no reasonable juror would have found him guilty solely because he passed a polygraph test. Therefore, petitioner has failed to establish the fundamental miscarriage of justice exception to the exhaustion of state remedies requirement.

Based on the foregoing, petitioner's Petition (#2) should be denied.    This proceeding should be dismissed.

This recommendation is not an order that is immediately

12 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 18T day of July, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION